# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------X

DAVID GOLDFINGER AS TO 20%, STANLEY
MARGULIES ROLLOVER IRA, SUNWEST TRUST
INC. AS CUSTODIAN, AS TO 6.60%, LARRY
GILDERMAN IRA AS TO 20%, DAVID & CORINNE
ZINADER AS TO 9.28%, ARTHUR FEINBERG
ROLLOVER IRA, EVERCORE TRUST CO. AS
CUSTODIAN, AS TO 13.40%, TEMKIN FAMILY
TRUST, CHARLES TEMKIN, TRUSTEE, AS TO
13.40%, ROBERT TEMKIN IRA AS TO 10.72% and
JUDITH BAKER AS TO 6.60%,

                              Plaintiff,

                -against-

MARIANA FLOREA, ALEXE FLOREA and

JOHN DOE 1-5 and JANE DOE 1-5, the last ten names being
fictitious and unknown to plaintiff, the person or persons
intended being the tenants, occupants, persons or corporations,
if any, having or claiming an interest in or lien upon the
premises described in the complaint,

                              Defendants.
-------------------------------------------------------------X

Index No. 13-05819

**SUMMONS**



Plaintiff designates Suffolk
County as the place of trial
because the mortgaged
premises are situated in
Suffolk County.

Premises Address:
41 Pond Place
Babylon, NY 11702

Date Filed:

FILED
FEB 27 2013
COUNTY CLERK
JUDITH A. PASCALE

To the above named Defendants:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to

serve a copy of your answer, or, if the complaint is not served with a summons, to serve a notice

of appearance on the plaintiff's attorney(s) within twenty (20) days after the service of this

summons exclusive of the day of service, or within thirty (30) days after completion of service

where service is made in any other manner than by personal delivery within the State. In case of

your failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the complaint.

## NOTICE

### YOU ARE IN DANGER OF LOSING YOUR HOME

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

**Sending a payment to your mortgage company (the plaintiff) will not stop this foreclosure action.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

Dated: Garden City, New York
      February 26, 2013

                         ALBANESE & ALBANESE LLP

                         By: _____
                              Hyman Hacker
                         Attorneys for Plaintiff
                         1050 Franklin Avenue
                         Garden City, New York 11530
                         (516) 248-7000

To:    Mariana Florea
       41 Pond Place
       Babylon, New York  11702

       Alexe Florea
       41 Pond Place
       Babylon, New York  11702

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X

DAVID GOLDFINGER AS TO 20%, STANLEY
MARGULIES ROLLOVER IRA, SUNWEST TRUST INC.
AS CUSTODIAN, AS TO 6.60%, LARRY GILDERMAN           Index No. 13-05819
IRA AS TO 20%, DAVID & CORINNE ZINADER AS TO
9.28%, ARTHUR FEINBERG ROLLOVER IRA,
EVERCORE TRUST CO. AS CUSTODIAN, AS TO 13.40%,
TEMKIN FAMILY TRUST, CHARLES TEMKIN,                 **COMPLAINT**
TRUSTEE, AS TO 13.40%, ROBERT TEMKIN IRA AS TO
10.72% and JUDITH BAKER AS TO 6.60%,

                                    Plaintiffs,

                        -against-

MARIANA FLOREA, ALEXE FLOREA and

JOHN DOE 1-5 and JANE DOE 1-5, the last ten names being
fictitious and unknown to plaintiff, the person or persons
intended being the tenants, occupants, persons or corporations,
if any, having or claiming an interest in or lien upon the
premises described in the complaint,

                                    Defendants.

-----------------------------------------------------------------------X

        Plaintiffs David Goldfinger as to 20%, Stanley Margulies Rollover IRA, Sunwest

Trust Inc. as custodian, as to 6.60%, Larry Gilderman IRA as to 20%, David & Corinne Zinader

as to 9.28%, Arthur Feinberg Rollover IRA, Evercore Trust Co. as custodian, as to 13.40%,

Temkin Family Trust, Charles Temkin, Trustee, as to 13.40%, Robert Temkin IRA as to 10.72%

and Judith Baker as to 6.60%, by their attorneys, Albanese & Albanese LLP, as and for their

complaint herein, allege as follows upon information and belief:

        1.      Plaintiff David Goldfinger is an individual who resides in the State of

Florida and who holds an interest in 20% of the Note and Mortgage herein.

2.      Plaintiff Sunwest Trust Co., is a financial institution incorporated in the State of New Mexico, that is acting as custodian for an Individual Retirement Account for the benefit of Stanley Margulies, an individual who resides in the State of Florida and who holds an interest in 6.60% of the Note and Mortgage herein.

3.      Plaintiff Larry Gilderman IRA is an individual retirement account for the benefit of Larry Gilderman, a resident of the State of Florida who holds an interest in 20% of the Note and Mortgage herein.

4.      Plaintiffs David & Corinne Zinader are residents of the State of Ohio who hold an interest in 9.28% of the Note and Mortgage herein.

5.      Plaintiff Evercore Trust Co., is a national trust bank chartered by the Office of the Controller of the Currency, with an office in the State of New York, County of New York, that is acting as custodian for a Rollover Individual Retirement Account for the benefit of Arthur Feinberg, an individual who resides in the State of Florida who holds an interest in 13.40% of the Note and Mortgage herein.

6.      Plaintiff Charles Temkin, a resident of the State of California, is the Trustee of the Temkin Family Trust who holds an interest in 13.40% of the Note and Mortgage herein.

7.      Plaintiff Robert Temkin IRA is an individual retirement account for the benefit of Robert Temkin, a resident of the State of Florida who holds an interest in 10.72% of the Note and Mortgage herein.

8.      Judith Baker is an individual who resides in the State of New Jersey who holds an interest in 6.60% of the Note and Mortgage herein.

9.      At all times hereinafter mentioned, PCC SERVICES, INC. ("PCC") was and still is a domestic corporation duly organized and existing under the laws of the State of New York.

10.     At all times hereinafter mentioned, defendants MARIANA FLOREA ("Mariana" or "Mortgagor"), ALEXE FLOREA ("Alexe") (Mariana and Alexe, collectively are referred to herein as "Borrower") were and still are residents of the State of New York, County of Suffolk, Town of Babylon.

## AS AND FOR A FIRST CAUSE OF ACTION

11.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 10 inclusive, with the same force and effect as if fully set forth herein.

12.     On or about August 8, 2006, Borrower duly executed, acknowledged and delivered to PCC, as lender, a certain fixed rate Balloon Note (the "Note"), a copy of which is hereto annexed as Exhibit A, agreed to pay to PCC the sum of $373,000.00 with interest at the rate agreed upon in the Note from PCC.

13.     The Note provided for a maturity date of September 1, 2011 at an annual interest rate of 11.49%.

14.     The Note further provided that the Borrower would make monthly payments of principal and interest in the sum of $3,690.94.

15.     For the purpose of securing payment for the said Note, as more fully set forth in said instrument, Mariana, as mortgagor, executed, acknowledged and delivered to PCC, as mortgagee, a certain mortgage, a copy of which is hereto annexed hereto as Exhibit B (the "Mortgage"), wherein and whereby Mariana, as mortgagor, mortgaged to PCC, as mortgagee, certain real property, which mortgaged premises are known as 41 Pond Lane, Babylon, New

York (the "Mortgaged Premises"), as more particularly described as Schedule A to said annexed Mortgage.

16.     Said Mortgage was duly recorded in the office of the Suffolk County Clerk on September 19, 2006 at Liber M00021384, Page 739.  All applicable recording tax was duly paid at the time of recording said Mortgage.

17.     PCC, as assignor, as of August 8, 2006, thereafter granted, sold, assigned, transferred and conveyed the Note and Mortgage to David Goldfinger; Coconut Grove Bank FBO: Stanley Margulies Rollover IRA; Larry Gilderman IRA; David & Corinne Zinader; Coconut Grove Bank FBO: Arthur Feinberg Rollover IRA; Temkin Family Trust; Robert Temkin IRA; and Judith Baker as tenants in common by a certain Assignment of Mortgage Without Covenants, dated January 3, 2013, effective as of August 8, 2006, recorded in the Office of the Suffolk County Clerk at Liber 22301, Page 267 on February 5, 2013 (the "2006 Assignment").  A copy of said 2006 Assignment is annexed hereto as Exhibit C.

18.     Thereafter the Mortgage was further partially assigned by Coconut Grove Bank to Sunwest Trust Inc. as custodian FBO Stanley Margulies Rollover IRA, as to 6.60%, and to Evercore Trust Co. as custodian FBO Arthur Feinberg Rollover IRA, as to 13.40%, by an Assignment of Mortgage, dated March 11, 2011, recorded in the Office of the Suffolk County Clerk (the "2011 Partial Assignment") on February 26, 2013 at Liber M00022308 Page 076.  A copy of said 2011 Partial Assignment is annexed hereto as Exhibit D.

19.     Plaintiffs collectively are the owner and holder of said Note and Mortgage.

20.     The above-entitled action is a foreclosure action on a residential mortgage loan in which the loan in foreclosure appears to fall within the scope of the Foreclosure

Prevention and Responsible Lending Act of 2008.  Thus, notice to the mortgagor regarding the availability of a settlement conference may be required.

21.    The loan being foreclosed herein is not a high-cost home loan as defined in Section 6-l of the Banking Law in effect as of the date the Note was executed and delivered.

22.    To the extent applicable, Plaintiffs have complied with all of the provisions of section 595-a of the Banking Law and any rules and regulations promulgated thereunder, sections 6-l and 6-m of the Banking Law and sections 1304 and 1306 of the RPAPL.

23.    On or about October 3, 2012, PCC sent to Borrower a notice in accordance with Section 590(1)(f) of the Banking Law warning that a foreclosure action may ensue unless Borrower cured the default specified therein.  Borrower failed to cure the default set forth in the said notice and more than ninety (90) days has elapsed.  Plaintiffs have complied with the ninety-day notice provision of RPAPL § 1304.

24.    Plaintiffs have complied with the provisions of RPAPL § 1306 regarding the filing with the Superintendent of the Department of Financial Services within three business days of mailing the 90-day pre-foreclosure notice.

25.    Section 6(A) of the Note provides, among other things, that if a monthly installment payment is not received by the "end of 15 calendar days after the date it is due" the Borrower will pay a late charge equal to "2% of my overdue payment of principal and interest."

26.    Section 6(B) of the Note provides, among other things, that if Borrower is in default of paying the monthly payments when due, "the rate of interest hereunder shall increase to 4% above the rate of interest set forth in Paragraph 2 hereof."

27.    Section 3(a) of the Mortgage provides, among other things, that the mortgagor is obligated to "...pay to Lender all amounts necessary to pay for taxes, assessments,

water charges, sewer rents and other similar charges…" in connection with the payment of certain "Escrow Items" as set forth in detail in that Section 3(a).

28.    The defendants have failed to comply with the terms and provisions of the Note and Mortgage by failing and omitting to pay the following monthly payments each of which became due on the first day of the November 2006 and each and every following respective month thereafter until September 1, 2011, the Maturity Date of the Note and by failing to make payments required in connection with the payment of said Escrow Items, including, without limitation, real property taxes as they came due.

29.    By letter dated March 25, 2008, Defendants were given notice of their default and an opportunity to cure their default.

30.    More than thirty days passed since the aforesaid notice of default and Defendants failed to cure their default in payment of principal and interest.

31.    The Note matured by its own terms as of September 1, 2011.

32.    Plaintiffs have elected and hereby elect to declare immediately due and payable the entire unpaid principal balance and interest thereon, together with all other amounts due pursuant to the terms of the Note and Mortgage.

33.    The following amounts are now due and owing on said Mortgage and Note, no part of which has been paid although duly demanded:  Principal Balance: $372,759.92; Interest thereon from: November 1, 2006 to December 31, 2012 at the rate of 11.49% per annum in the amount of $264,255.94; and late charges in the amount of $4,948.93, plus advances made by Plaintiff for the payment of real estate taxes, insurance, and maintenance of the Mortgaged Premises and interest thereon and default interest on the principal balance at the rate of 11.49% from the date hereof.

34.    Section 6(E) of the Note provides in pertinent part that the costs and expenses incurred by the mortgagee in enforcing its rights under the Note, including reasonable legal expenses, shall be paid by the defaulting Borrower.

35.    Similarly, Section 22 of the Mortgage provides that the mortgagor is responsible for the payment of reasonable attorney fees incurred by the mortgagee as follows:

> In any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law, and will have the right to add all reasonable attorneys' fees to the amount I owe Lender, which fees shall become part of the Sums Secured.

36.    Plaintiffs have advanced the sum of $15,243.81 to redeem a 2008-2009 tax lien against the Mortgaged Premises and, during the pendency of this action, in order to protect the security of the Mortgage, Plaintiffs may be compelled to make additional advances for taxes, assessments, and other similar expenses, which advances are to be included in the balance due to Plaintiffs plus interest, as provided for in the Mortgage.

37.    In the event that Plaintiffs possess any other lien(s) against said Mortgaged Premises, either by way of judgment, junior mortgage or otherwise, Plaintiffs request that such other lien(s) shall not be merged in Plaintiffs' cause of action set forth in this complaint but that Plaintiffs shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceeding.

38.    Plaintiffs shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of any payment after the commencement of this action, or any or all of the defaults mentioned herein, and such election shall continue and remain effective.

39.    Each of the above-named defendants has or claims to have or may claim to have some interest in or lien upon said Mortgaged Premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

40.    Plaintiffs request that in the event that this action will proceed to judgment of foreclosure and sale, said Mortgaged Premises should be sold subject to the following:

(a)    any state of facts that an inspection of the Mortgaged Premises would disclose;

(b)    any state of facts that an accurate survey of the Mortgaged Premises would show;

(c)    covenants, restrictions, easements and public utility agreements of record, if any;

(d)    building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same;

(e)    any right of tenants or persons in possession of each of the Mortgaged Premises insofar as the same have not been cut off by this action; and

(f)    prior liens of record, if any.

41.    No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

## AS AND FOR A SECOND CAUSE OF ACTION

42. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 41 inclusive, with the same force and effect as if fully set forth herein.

43.    In the event that this Court decides not to permit Plaintiffs to foreclose against the Mortgaged Premises based on the Note and Mortgage, Plaintiffs should nonetheless have the right to foreclose against Mortgaged Premises based on the doctrine of equitable subrogation.

44.    On or about July 24, 2004, Mariana Florea, as borrower, executed, acknowledged and delivered a certain Mortgage, in the principal amount of $280,000.00, to U.S.A. Mortgage Bankers of America, Inc., as lender (the "2004 Mortgage"), and MERS as lender's nominee, which was recorded in the office of the Suffolk County Clerk on August 13, 2004, at Liber M00020823, Page 922.

45.    On or about June 16, 2006, MERS as nominee for U.S.A. Mortgage Bankers of America, Inc. assigned the 2004 Mortgage to CPR Asset-Backed Certificates, Series 2004-EC1, by the Bank of New York ("BONY"), a New York banking corporation as Trustee under the Pooling and Servicing Agreement dated as of November 1, 2004.

46.    Thereafter BONY commenced an action to foreclose the 2004 Mortgage in Supreme Court, Suffolk County, bearing Index No. 9636/2006.  Said BONY foreclosure action was pending as of August 8, 2006.

47.    Plaintiffs required that the Mortgage be a first lien on the Mortgaged Premises, requiring the satisfaction of any existing liens and encumbrances, including the 2004 Mortgage.

48.    At the closing of the execution and delivery of the Note and Mortgage, the sum of $315,954.19 from the proceeds of the Plaintiffs' mortgage loan was disbursed to satisfy the 2004 Mortgage and $1,461.13 to pay taxes and water charges due at that time.

49.    The BONY Mortgage was satisfied and the BONY foreclosure action was marked settled and discontinued.

50.    Thus, the Mortgaged Premises is no longer encumbered by the 2004 Mortgage due to the payments made from the proceeds of Plaintiffs' mortgage loan.

51.   By virtue of the foregoing, to the extent necessary, the Court must declare and direct that Plaintiffs are equitably subrogated to the rights of BONY for the payment in satisfaction of prior mortgage lien on the Mortgaged Premises at the time of the closing of the Mortgage.

52.   Plaintiffs have no adequate remedy at law.

53.   No previous application for the relief sought herein has been made to this or any other Court of competent jurisdiction.

**WHEREFORE,** Plaintiffs demands judgment as follows:

1.   On Plaintiffs' First Cause of Action

(a)   that the defendants and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises, and each and every part and parcel thereof;

(b)   that the said Mortgaged Premises may be decreed to be sold in one parcel, according to law, subject to the items set forth in paragraph 40 of this complaint;

(c)   that the monies arising from the sale thereof may be brought into Court;

(d)   that the Plaintiffs may be paid the amount due under the Note as hereinbefore set forth, with interest thereon at the rate provided in said Note and late charges, if any, to the date of such payment, and the expenses of such sale, plus reasonable attorneys' fees, together with the costs, allowances and disbursements of this action, and together with any sums incurred by Plaintiffs pursuant to any term or provision of the Mortgage set forth in this complaint, or to protect the lien of the Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof at the rate provided in said Note to the date of such payment, so far as the amount of such monies properly applicable thereto will pay the same;

(e)   that the defendants may be adjudged jointly and severally to pay the whole residue, or so much thereof as the Court may determine to be just and equitable of the debt remaining unsatisfied as the sale of all of the Mortgaged Premises, if any, and the application of the proceeds pursuant to the directions contained in such judgment;

(f)    that upon application to this Court, the Court shall forthwith appoint a Receiver of the rents and profits of said Mortgaged Premises, during the pendency of this action with the usual power and duties;

(g)    that in the event Plaintiffs possess any other lien(s) against said Mortgaged Premises, either by way of judgment, junior mortgage or otherwise, Plaintiffs request that such other lien(s) shall not be merged in Plaintiffs' cause of action set forth in this complaint but that Plaintiffs shall be permitted to enforce said other lien(s) and/or seek determination of priority therein in any independent action(s) or proceeding(s), including without any limitation , any surplus money proceedings;

2.    On the Plaintiffs' Second Cause of Action

(a)    that to the extent necessary, the court declare and direct that Plaintiffs are equitably subrogated to the rights of BONY in the amount of  $315,954.19 for the payment of a prior mortgage lien on the Mortgaged Premises at the time of the closing of the mortgage loan herein; and

3.    that Plaintiffs have such other, further and different relief as to this Court may seem just and proper, together with the costs and disbursements of this action.

Dated:  Garden City, New York
             February 26, 2013

ALBANESE & ALBANESE LLP

By: _____
        Hyman Hacker
Attorneys for Plaintiffs
1050 Franklin Avenue
Garden City, New York 11530
516-248-7000